UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CLINTON BRINSON,

        Plaintiff,

v.

PATRICK J. BROSNAN,

        Defendant.

C/A NO. 5:21-cv-00151

**NOTICE OF REMOVAL**

      TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA:

      By this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Patrick J. Brosnan ("Mr. Brosnan") removes this action from the General Court of Justice, Superior Court Division, Wake County, North Carolina (the "Superior Court") to the United States District Court for the Eastern District of North Carolina, Western Division. Defendant states the following grounds for removal:

## I.    THE STATE COURT ACTION

      1.    On February 25, 2021, Clinton Brinson ("Plaintiff") commenced this civil action in the General Court of Justice, Superior Court Division, Wake County, North Carolina, Case No. 21-CVS-002547, by filing a Complaint against Defendant alleging claims of wrongful discharge and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

      2.    On March 1, 2021, a copy of Plaintiff's "Petition to Proceed as an Indigent," and accompanying Complaint, was received, by certified mail, at Brosnan Risk Consultants, Ltd.'s headquarters at 1 Blue River Hill Plaza, Pearl River, New York. Accordingly, this Notice of

Removal is timely filed within thirty (30) days of receipt of the Complaint as required by 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(a), Mr. Brosnan attaches true and correct copies of all process, pleadings, and orders received with respect to this matter.  *See* composite *Exhibit 1* to this filing.

## II.      FEDERAL QUESTION JURISDICTION

4.      In his Complaint, Plaintiff alleges that his termination constitutes a violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

5.      Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this action because Plaintiff alleges that Mr. Brosnan violated Title VII, which is a federal cause of action over which this Court has original federal question jurisdiction.  28 U.S.C. §1331.  Thus, this action may be removed on the basis of original federal question jurisdiction pursuant to 28 U.S.C. § 1441(b).

## III.      DIVERSITY JURISDICTION

6.      This action is properly removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  The Court has original jurisdiction over this civil action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Mr. Brosnan.

### A.      The Amount in Controversy Exceeds $75,000.00.

7.      As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.  *Allen v. Dance*, Civil Case No. 3:09cv192, 2009 U.S. Dist. LEXIS 80418, at *5-6 (W.D.N.C. Sept. 1, 2009) (copy attached).

8.      In this lawsuit, Plaintiff seeks $2.5 million dollars in "collateral damages" and $30

million dollars in "punitive damages." While Mr. Brosnan denies any liability to Plaintiff whatsoever, Mr. Brosnan asserts, based on the allegations in the Complaint, that the amount in controversy exceeds $75,000.00.

9. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**B.** **Diversity of Citizenship**

10. With respect to an action removed from state court to federal court, diversity of citizenship jurisdiction exists if there was a diversity of citizenship at the time of the commencement of the state-court action and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889).

11. For diversity purposes, an individual is a citizen of the state in which he is domiciled, and "domicile is an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away." *Hollowell v. Hux*, 229 F. Supp. 50, 52 (E.D.N.C. 1964). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). In the instant case, according to Plaintiff's *Petition to Proceed as Indigent*, Plaintiff resides at 1011 Addison Pl., Raleigh, North Carolina. Thus, Plaintiff is a resident of Wake County, North Carolina, and no facts have been adduced to establish that Plaintiff does not intend to remain in North Carolina permanently or indefinitely. Therefore, Plaintiff is a citizen of North Carolina for diversity purposes.

12. Mr. Brosnan, since the commencement of this action, and through and including the time of this removal, has resided in Rockland County, New York. *See* Declaration of Patrick Brosnan, attached as *Exhibit 2*. Therefore, Mr. Brosnan is a citizen of the state of New York for diversity purposes.

13. The diversity of citizenship requirement is satisfied in this action because diversity of citizenship existed between Plaintiff and Mr. Brosnan at the time of the commencement of the state-court action and at the time of removal. Therefore, removal is appropriate pursuant to 28 U.S.C. § 1441.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

14. Pursuant to 28 U.S.C. 1391(d), venue is proper in the United States District Court for the Eastern District of North Carolina, Western Division as this case was originally filed in Wake County, North Carolina.

3. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Superior Court in and for Wake County, North Carolina and served upon Plaintiff (the only adverse party) promptly after the filing of the original Notice of Removal in this action. A copy of this Notice is attached hereto as *Exhibit 3*.

4. Accordingly, Mr. Brosnan removes the above-entitled action from the General Court of Justice, Superior Court Division, Wake County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Western Division.

Respectfully submitted this 31st day of March, 2021.

*s/Julie K. Adams*

Julie K. Adams, NC Bar No. 32773
jadams@fordharrison.com
FORD & HARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949
Attorney for Defendant

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, a copy of the foregoing **NOTICE OF REMOVAL**

has been served upon the following person(s) via USPS Certified Mail, Return Receipt Requested:

Clinton Brinson
1011 Addison Place
Raleigh, NC 27610

*s/Julie K. Adams*
Julie K. Adams

- 5 -