IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00151-M

| | | |
|---|---|---|
| CLINTON BRINSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PATRICK J. BROSNAN, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Consolidate [DE-9] and Motion for Extension of Time to Reply to Plaintiff's Response in Opposition to Motion to Dismiss [DE-15]. For the reasons that follow both motions will be granted.

If actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). Decisions regarding consolidation are discretionary. *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). Defendant seeks to consolidate this matter with the action captioned *Brinson v. Walton*, Case No. 5:21-CV-00166-M, based on the contention that the both cases—filed separately by pro se Plaintiff in state court and thereafter removed to this court—advance claims stemming from Plaintiff's employment as a Security Officer for Brosnan Risk Consultants, Ltd. assigned to work at Walmart stores in Raleigh and Durham, North Carolina, and Plaintiff's subsequent termination. Plaintiff did not file a response to this motion. The court does not foresee a risk of prejudice or confusion in consolidating two nearly identical complaints filed by the same pro se Plaintiff against seemingly related Defendants. The court finds that administering the cases separately would only result in inefficiency. Based on the Defendant's representations, the lack of opposition by the Plaintiff, and in the court's discretion, the request for consolidation is GRANTED with *Brinson v. Brosnan*, Case

No. 5:21-CV-00151-M being designated as the lead case. In light of the consolidation, the parties are ORDERED to withdraw any pending motions that no longer require a court order within two weeks of the entry of this order.

In the interest of judicial economy, the court sua sponte consolidates two additional, recently removed and related actions, *Brinson v. Brosnan Risk Consultants, Ltd.*, Case No. 5:21-CV-00228-M, and *Brinson v. Walmart Inc.*, Case No. 5:21-CV-00229-M, with this matter for all further proceedings. *See* DE-15 ¶ 4 ("Also, on May 20, 2021, two other related lawsuits filed by Plaintiff Brinson were removed to this Court, including cases designated *Brinson v. Walmart, Inc.*, No. 5:21-cv-00229-M and *Brinson v. Brosnan Risk Consultants, Ltd.*, No. 5:21-cv-00228-M. Undersigned counsel also represents the defendants in those recently removed matters, and Defendants Walmart Inc. and Brosnan Risk Consultants, Ltd. will be moving to consolidate those matters with this case and the case designated *Brinson v. Walton, et al.*, No. 5:21-cv-00166-M."); *see also In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 448 F. Supp. 2d 466, 475-76 (E.D.N.Y. 2006) ("[A] court may consolidate related actions on its own, without a motion from a party."); *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) ("Rule 42(a), Federal Rules of Civil Procedure, confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice."); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ("The power to order consolidation prior to trial falls within the broad inherent authority of every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.") (internal quotations and citation omitted).

The court may, for good cause, extend the time when an act must be done, if the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). For good cause shown,

Defendants' request for an extension of time is GRANTED. Defendants shall reply to the Plaintiff's response[1] to the motion to dismiss within twenty-one (21) days from the date of the entry of this order.

Furthermore, Plaintiff has failed to comply with directives from the Clerk of Court outlined in a letter to Plaintiff dated April 1, 2021 [DE-4]. Plaintiff is ORDERED to do so within two weeks of the entry of this order.

SO ORDERED this the 28th day of May, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes for the record that Plaintiff's response [DE-13] was mailed and filed after the deadline to do so expired. A letter informing the Plaintiff of the deadline was sent to him on April 19, 2021 [DE-11].